UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONDRAE HOBDY,

    Applicant,

v.                                                  CASE NO. 8:23-cv-174-SDM-CPT

SECRETARY, Department of Corrections,

    Respondent.
_____/

**<u>ORDER</u>**

    Hobdy applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for armed burglary, armed kidnapping, aggravated battery, and aggravated assault. Hobdy is imprisoned for life. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 7-2) The respondent correctly contends that each ground for relief is meritless.

    On June 24, 2017, Hobdy entered the house of his "on again, off again" girlfriend and found Alberto Rivera in a bedroom. (Respondent's Exhibit 1a at 222, 404) Hobdy pointed a gun at Rivera, ordered him to "walk outside," and shot him in the back in a hallway. (Respondent's Exhibit 1a at 222) Hobdy led Rivera to the front yard and "told [him] [he was] going to be killed." (Respondent's Exhibit 1a at 222–23) A car turned down the street. (Respondent's Exhibit 1a at 223) Hobdy "took off running" and said, "I'm going to be back, and I'm going to kill you."

(Respondent's Exhibit 1a at 223)  Rivera survived his injuries.  (Respondent's Exhibit 1a at 249)

A jury convicted Hobby of the offenses listed above, and he received a sentence of life imprisonment.  (Respondent's Exhibit 1 at 111–16, 140–52)  The appellate court affirmed the convictions without a written opinion.  (Respondent's Exhibit 5)  In his application, Hobdy argues (1) that the charging document was "defective" because the prosecution failed to cite statutory "subsections" for each offense, (2) that the trial court mistakenly reclassified armed kidnapping from a first-degree felony to a life felony, and (3) that the jury instructions did not include "the elements of [ ] kidnapping."  (Doc. 1 at 5–10; *see also* Doc. 2)

Each contention is meritless.[1]  First, the information was not "defective." "The sufficiency of [an information] is an issue on federal habeas corpus only if the [information] was so deficient that the convicting court was deprived of jurisdiction." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989).  An information "is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (11th Cir. 1992).  "Those requirements are satisfied by an [information] that tracks the wording of the statute, as long as the language sets forth

---

[1] The respondent argues that each ground is unexhausted, but "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

the essential elements of the crime." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

The information in this case was sufficient. For example, the information charged Hobdy with armed burglary and alleged that on June 24, 2017, he "knowingly enter[ed] or remain[ed] in a dwelling, the property of [his girlfriend], while armed . . . with a firearm[,] with the intent to commit an offense therein." (Respondent's Exhibit 1 at 28) These allegations "track[ed] the wording of the statute" and "set[ ] forth the essential elements of" armed burglary. *Yonn*, 702 F.2d at 1348; *see also* Fla. Stat. §§ 810.02(1)(b), (2)(b). The same is true of the allegations about the other offenses — armed kidnapping, aggravated battery, and aggravated assault. (Respondent's Exhibit 1 at 28–29; *see also* Fla. Stat. §§ 787.01(1), (2), 784.045(1)(a), 784.021(1)(a))  Therefore, the information "was constitutionally adequate and sufficiently informed [Hobdy] of the charge[s]." *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 24 (11th Cir. 2012).

Hobdy complains that the information did not cite statutory "subsections" for the offenses. (Doc. 1 at 5, 8) For example, the information cited Section 810.02, the burglary statute, but failed to cite Section 810.02(2)(b), the subsection on armed burglary of a dwelling. (Respondent's Exhibit 1 at 28) The failure to include "subsections" did not render the information defective. As explained above, the information alleged the elements of each offense. Therefore, the information did not need to include statutory "subsections." *Cf. Foss v. State*, 834 So. 2d 404, 405 (Fla. 5th DCA 2003) ("An erroneous reference to a statute in the information is not fatal

to a conviction if the information properly pleads the necessary elements of the offense.").

Second, Hobdy is entitled to no relief on his claim that the trial court mistakenly reclassified armed kidnapping from a first-degree felony to a life felony. The claim raises an issue of state law not cognizable on federal habeas review. *See Rivera v. Sec'y, Dep't of Corr.*, 737 F. App'x 946, 955–56 (11th Cir. 2018) (whether "reclassification [of an offense] was justified" was "purely [a] matter[ ] of state law" and "not the subject of federal habeas corpus review"). Regardless, the reclassification was proper. Florida law provides that "[i]f a firearm is present in the commission of any felony, the offense is stepped up a single grade (*e.g.*, a first-degree felony becomes a life felony, and so on)." *Inmon v. State*, 932 So. 2d 518, 520 (Fla. 4th DCA 2006). Kidnapping is a first-degree felony. Fla. Stat. § 787.01(2). The prosecution alleged and proved that Hobdy used a firearm when he kidnapped Rivera. The jury found that Hobdy "carried, displayed, used, threatened to use, or attempted to use a firearm" when he kidnapped Rivera. (Respondent's Exhibit 1 at 114) Thus, the court correctly "reclassified the kidnapping from a first-degree felony punishable by life to a life felony."[2] *Azin v. State*, 400 So. 3d 733, 737 (Fla. 3d DCA 2024).

Third, Hobdy incorrectly contends that "the elements of [ ] kidnapping were never laid out before the jury." (Doc. 1 at 10) The jury received Florida's standard

---

[2] The court did not reclassify the other offenses of which Hobdy was convicted.

- 4 -

instruction on armed kidnapping. (Respondent's Exhibit 1a at 497–98; *see also* Fla. Std. Jury Instr. (Crim.) 3.3(a), 9.1) The "standard jury instructions are presumed correct." *Stephens v. State*, 787 So. 2d 747, 755 (Fla. 2001). Because he shows no error in the standard instructions, Hobdy is not entitled to relief.[3] *See Jones v. Dugger*, 888 F.2d 1340, 1343 (11th Cir. 1989) ("[I]mproper jury instructions can never be the basis for federal habeas corpus relief unless the instruction rendered the whole trial so unfair as to amount to a denial of due process.").

Accordingly, Hobdy's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Hobdy and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Hobdy fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the grounds and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Hobdy must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 11, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Hobdy refers to "double jeopardy" in his application, but he fails to show that any of his convictions violated double jeopardy.